```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

Alexander Otis Matthews

   v.                                           Civil No. 16-cv-054-LM

Esker Tatum, Warden, Federal
Correctional Institution-Berlin

## REPORT AND RECOMMENDATION

Before the court for a preliminary review is pro se petitioner Alexander Otis Matthews's filing (doc. no. 1), entitled, "Emergency Petition For a Writ of Habeas Corpus Pursuant to 28 USC § 2241 & Request For Order To Show Cause & Temporary Restraining Order." The matter, docketed as a petition for a writ of habeas corpus under § 2241, is before the court to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions filed under § 2241).

## Background

Matthews is an inmate at the Federal Correctional

Institution in Berlin, New Hampshire, who describes himself as "a frequent filer in federal courts." Pet. (doc. no. 1). Following Bruce v. Samuels, 136 S. Ct. 627 (2016), the Federal Bureau of Prisons ("BOP") began implementing 28 U.S.C. § 1915(b)(2) in Matthews's circumstances, by withdrawing essentially all of Matthews's available funds to pay his federal court filing fees.

Matthews follows a self-styled "vegetarian diet" while in prison and eats only rice, beans, and mackerel that he purchases from the commissary. He notes that his supply of those foods has run out. Because of the low balance remaining in his inmate account, Matthews asserts he can no longer afford to pay for hygiene products and food from the commissary. Matthews further states that the lack of funds in his account makes it difficult to pay for letters and phone calls to his family and the outside world.

Matthews asserts that he filed this suit before exhausting his administrative remedies, in part, because of the "emergency nature of this petition." Pet. (doc. no. 1). Matthews asks that the exhaustion requirement be waived or that he be permitted to exhaust his claims while this case is pending, after the court issues a preliminary injunction preventing the BOP from making any further withdrawals from Matthews's inmate

account to pay court filing fees. See id.

## **Claims**

Matthews asserts the following claims, challenging both the constitutionality of 28 U.S.C. § 1915(b)(2), and BOP's actions in depleting Matthews's inmate account:

    1. Section 1915(b)(2) violates Matthews's First Amendment rights to petition the government for redress of grievances, as BOP's depletion of his inmate account retaliates against Matthews for filing federal cases while incarcerated.

    2. Section 1915(b)(2) violates Matthews's First and Fifth Amendment right of access to the courts, as BOP's depletion of his inmate account precludes Matthews from filing new cases.

    3. Section 1915(b)(2) violates Matthews's First Amendment rights to correspond with and call his family, as BOP's depletion of his inmate account precludes Matthews from making phone calls or sending letters.

    4. Section 1915(b)(2) violates Matthews's Eighth Amendment rights, as BOP's depletion of his inmate account precludes Matthews from purchasing hygiene items and food from the commissary.

Matthews requests the following relief: (1) an order declaring 28 U.S.C. § 1915(b)(2) to be unconstitutional and directing Congress to amend it; and (2) a preliminary injunction restraining the BOP from making any further withdrawals from Matthews's inmate account to pay court filing fees.

**Discussion**

I. **Request for Three-Judge Court**

As a preliminary matter, this court notes that Matthews cites 28 U.S.C. § 2284 as authority for requesting that a three-judge court review his claims. Matthews's citation to that statute is misplaced, as a three-judge court is convened only when an action challenges the constitutionality of the apportionment of certain voting districts. See id. There is no authority for a three-judge court to review claims like Matthews's, and no such court is properly convened here.

II. **Jurisdiction and Exhaustion**

Matthews's petition (doc. no. 1) is brought pursuant to 28 U.S.C. § 2241, which authorizes this court to review whether a person is "in custody in violation of the Constitution or laws or treaties of the United States." Id. § 2241(c)(3). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," Muhammad v. Close, 540 U.S. 749, 750 (2004), while requests for relief "turning on circumstances of confinement," like Matthews's claims here, are more typically presented in civil rights actions. Id.

The First Circuit has taken the position that certain prison conditions challenges may be reviewed under § 2241. See

United States v. DeLeon, 444 F.3d 41, 59 (1st Cir. 2006) (if conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available (dictum)); United States v. Palmer-Contreras, 187 F.3d 624, 1998 U.S. App. LEXIS 23290, at *3, 1998 WL 1085786, at *1 (1st Cir. Sept. 11, 1998) (per curiam) (unpublished table decision) ("§ 2241 is not available to appellant in this case because he is not contesting the conditions of his confinement"); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977) ("Section 2241 provides a remedy for a federal prisoner who contests the conditions of his confinement." (dictum)).  Assuming that, following that line of cases, this court could exercise jurisdiction under § 2241 over Matthews's claims, the court should nevertheless dismiss those claims, without prejudice, because Matthews has not exhausted his administrative remedies for his claims.

Courts generally require inmates seeking review of claims challenging the manner of execution of their sentences to exhaust administrative remedies, under 28 C.F.R. §§ 542.10-542.16.  See, e.g., Dunbar v. Sabol, 649 F. Supp. 2d 1, 3 (D. Mass. 2009) (dismissing petition challenging BOP's withdrawal of restitution payments from inmate account because of inmate's failure to exhaust).  There are few exceptions to the exhaustion requirement, and the inmate bears the burden of demonstrating

5

that his failure to exhaust should be excused.  See Meléndez v. Mora, No. 3:14-cv-1328 (JAF), 2014 U.S. Dist. LEXIS 149397, at *3, 2014 WL 5335805, at *1 (D.P.R. Oct. 20, 2014).  Matthews asserts here that he did not exhaust remedies because the withdrawals from his inmate account are having an immediate impact on the conditions of his confinement, and he seeks preliminary relief.

Matthews has not demonstrated that exhaustion would be futile.  Moreover, Matthews has not demonstrated that taking time to exhaust remedies will result in irreparable harm; he has not shown that a low balance in his inmate account entirely precludes his family contacts, prevents him from maintaining sufficient nutrition or hygiene, or prevents him from contacting the courts.  See, e.g., 28 U.S.C. § 1915(b)(4) (prisoners who cannot pay initial partial filing fee shall not be prohibited from bringing civil actions).  See also BOP Inmate Admission & Orientation Handbook:  FCI-Berlin (Rev. May 2014), https://www.bop.gov/locations/institutions/ber/BER_aohandbook.pdf (BOP Food Service offers "regular, heart healthy, and no-flesh dietary options"); id. (toothpaste, toothbrushes, combs, razors, and soap are issued by BOP); id. (inmates who have no funds who can demonstrate clear need for legal copies may submit written request for reasonable amount of free copies).

## Conclusion

For the foregoing reasons, Matthews's § 2241 petition (doc. no. 1) should be dismissed because of Matthews's failure to exhaust available BOP remedies, without prejudice to Matthews's ability to refile the claims in the petition after he has exhausted his administrative remedies.  The district judge should also deny Matthews's request for a preliminary injunction.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

May 18, 2016

cc:   Alexander Otis Matthews, pro se
      Seth R. Aframe, Esq.